UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES<br>170 S. Lincoln Street<br>Suite 150<br>Spokane, WA 99201<br>      Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF<br>THE TREASURY<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220<br>      Defendant. | Case No. 1:23-cv-0001 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff ENERGY POLICY ADVOCATES ("EPA") for its complaint against Defendant UNITED STATES DEPARTMENT OF THE TREASURY, alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to one FOIA request following the Department of the Treasury's failure to comply with the express terms of FOIA, and to fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013).

**PARTIES**

2. Plaintiff Energy Policy Advocates is a non-profit organization incorporated in the State of Washington and dedicated to transparency and open government. Energy Policy Advocates uses state and federal open records laws to inform the public on the operations of government, including private influences on government policymaking and other actions.

3. Defendant United States Department of the Treasury ("Treasury," or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. EPA is not required to further pursue administrative remedies before seeking relief in this Court because the Defendant has failed to make a timely "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

7. Further, EPA has no obligation to exhaust administrative remedies with respect to its FOIA request. See, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement).

## ENERGY POLICY ADVOCATES' FOIA REQUEST

8. On November 28, 2022, Plaintiff submitted the FOIA request at issue in this case to Defendant through its FOIA portal and by email to foiapl@treasury.gov. The request sought certain described non-email correspondence of Treasury Secretary Janet Yellen, Climate Counselor John E. Morton and Chief of Staff Didem Nisanci that were also sent to or from any of four White House "climate" aides over a specified period of time.

9. The requested records will inform the public on "the administration's increased focus on fighting climate change" (Laura Counts, "Economist Catherine Wolfram joins US treasury to focus on energy & climate policy," March 12, 2021, https://newsroom.haas.berkeley.edu/research/prof-catherine-wolfram-joins-the-us-

treasury-department-to-lead-energy-and-climate-change-policy/). The public deserves details of these appointees' work on an "all-of-society" matter and "whole-of-government approach" (https://www.whitehouse.gov/briefing-room/statements-releases/2021/04/23/fact-sheet-president-bidens-leaders-summit-on-climate/) that major news-outlet reports also suggest has consumed the Biden Administration.

10. Plaintiff sought reduction or waiver of its fees on the alterative bases of the public interest and requester's status as a media outlet as regularly recognized for FOIA purposes by federal agencies.

11. Defendant acknowledged the request on December 1, 2022, and on December 6, 2022, informed requester it had assigned the request tracking number 2022-FOIA-00122.

12. Defendant did not address requester's fee waiver requests in the alternative. Instead, on December 6, 2022 it provided requester a letter stating that at some point in the future someone would inform Plaintiff of Defendant's determination on Plaintiff's request for fee waiver, and that at some point in the future it would respond to Plaintiff's request.

13. As Plaintiff informed Defendant in the request at issue here, other federal agencies have acknowledged Plaintiff's status as a media outlet.

14. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the

agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

15. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii)(II). In either case, the Department's receipt of the requester's response to the Department's request for information or clarification ends the tolling period.

16. Treasury has provided no substantive response or "determination" with respect to the request as that term is defined in the Freedom of Information Act and as explained by the D.C. Circuit in *CREW v. Federal Election Commission*, 711 F.3d 180, 188.

17. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

18. Defendant Treasury has provided no further response to this request, and is now past its statutory period for issuing such a determination of the number of potentially responsive records and regarding when the Plaintiff might expect to be granted access to the

documents it has requested. Among the consequences of Treasury's violations of the statutory time limits of FOIA is that Treasury cannot now seek fees.

19. Defendant Treasury continues to improperly deny Plaintiff access to agency records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

20. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

21. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business

22. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

23. Plaintiff is not required to further pursue administrative remedies.

24. Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

   b. Treasury's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy Treasury's obligations under FOIA;

   c. Treasury must now produce records responsive to Plaintiff's request, at no cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

25. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

26. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein at no cost to the Plaintiff.

27. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto.

28. Plaintiff asks the Court to enter an injunction compelling Treasury to grant EPA's request for a fee waiver, or alternatively seek an injunction prohibiting Treasury from assessing fees for processing the FOIA request at issue in this case.

29. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Treasury's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees

30. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

31. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

32. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

**PRAYER FOR RELIEF**

Energy Policy Advocates respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare that Defendant has violated FOIA by failing to provide Plaintiff with the requested records and failing to notify Plaintiff of final determinations within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public under 5. U.S.C. § 552 and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 1st day of January, 2023,

ENERGY POLICY ADVOCATES
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com